IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

TYREE C. SMITH,

    Plaintiff,

v.                                     Case No. 16-cv-2687-JDT-dkv

SHERIFF BOBBY RILES,
CHIEF DEPUTY RICKY WILSON,
FAYETTE COUNTY SHERIFF'S
DEPARTMENT

    Defendants.

---

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

---

On August 24, 2016, the plaintiff, Tyree C. Smith ("Smith"), filed a *pro se* complaint under 42 U.S.C. § 1983, against Sheriff Bobby Riles ("Sheriff Riles"), Chief Deputy Ricky Wilson ("Chief Deputy Wilson"), and the Fayette County Sheriff's Department (collectively, "the Defendants") alleging generally, among other things, violation of his constitutional rights. (ECF No. 1.) He paid the case initiation fee.

Before the court is the motion of the Defendants, filed on October 19, 2016, to dismiss the complaint pursuant to Rule 2(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (ECF No. 17.) Smith did not respond to the motion, and the time for response has expired. This case has been referred to the United States Magistrate Judge for

1

management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, the court recommends that Smith's complaint be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

I. PROPOSED FINDINGS OF FACT

Smith filed this lawsuit on a court-supplied complaint form entitled "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983." The facts of the case are set out in a 14-page, 100-paragraph typed attachment, which the court accepts as true for the purposes of ruling on the motion to dismiss. (Fed. Civil Claim, ECF No. 1-1.) Smith's claims against Chief Deputy Wilson, Sheriff Riles, and the Fayette County Sheriff's Department arise out of his arrest on August 16, 2016 for driving on a suspended license.

Prior to his arrest on August 16, 2016, Smith had been detained for an unspecified period at the Fayette County Detention Center ("FCDC"), during which time he filed a "formal jailhouse complaint." (Fed. Civil Claim ¶¶ 5-6, ECF No. 1-1.) After Smith was released from the FCDC on July 7, 2016, Sheriff Riles called Smith and asked him to come to the police station in Somerville, Tennessee to discuss his jailhouse complaint. (*Id.* at ¶¶ 7-17.) Smith alleges that Sheriff Riles "literally

2

insisted that [he] drive to Somerville, Tennessee and speak with one of his investigators about [his] formal jailhouse complaint." (*Id.* at ¶ 12.) Smith insists that Sheriff Riles knew that Smith's driver's license was suspended, but that he instructed Smith to drive anyway. (*Id.* at ¶ 13.) Smith claims that he was unable to record this particular phone conversation with Sheriff Riles. (*Id.* at ¶¶ 17-20.)

Even though his license was suspended, Smith "like a fool, . . . ended up driving [his] vehicle back out to Somerville, Tennessee" to the police station on August 16, 2016 and met with Chief Deputy Wilson to discuss his jailhouse complaint. (*Id.* at ¶¶ 1, 21, 23.) Smith told Chief Deputy Wilson that a friend drove him to the meeting, when in fact he drove himself to Somerville on a suspended license. (*Id.* at ¶¶ 42-43.) Smith stated when they began discussing the jailhouse complaint, Chief Deputy Wilson became "very 'red' in the face," (*id.* at ¶ 29), and he "quickly jumped out of his office chair" towards Smith, (*id.* at ¶ 31). Smith further claims that he "could feel it deep down within [his] bones beyond a shadow of a doubt, Chief Deputy Ricky Wilson had something very "Devious" [sic] and "Vindictive" [sic] up his arm sleeve against [Smith]." (*Id.* at ¶ 40.)

After Smith left the meeting, he circled the building to avoid being seen getting into his car. (*Id.* at ¶¶ 41-43.) He pulled over to adjust his "boom box system" when Chief Deputy

3

Wilson pulled up behind Smith in a black SUV. (*Id.* at ¶¶ 50-54.) Smith alleges that Chief Deputy Wilson did not have his lights and siren activated, and that when he got out of the SUV, he pointed his gun at Smith. (*Id.* at ¶¶ 59-65.) Smith then recounted his conversation with Chief Deputy Wilson, which included strong language. (*Id.* at ¶¶ 60-69.) Smith continues in the complaint to state that Chief Deputy Wilson is a racist, (*id.* at ¶ 79), and that Sheriff Riles is responsible for "unconstitutional, restrictive, unjust, racist, wrongful, and inhuman jailhouse conditions" at the FCDC, (*id.* at ¶ 85).

Smith seeks "Money Damages" in general for his pain and suffering. (*Id.* at ¶ 92.) At the end of his attachment, Smith includes the following list:

*Violation of Entrapment*

*Wrongful Imprisonment*

*Racism*

*Racial Discrimination*

*Vindictive*

*Violation of U.S. Constitutional Civil Rights*

(*Id.* at 14.)

## II. PROPOSED CONCLUSIONS OF LAW

In its motion to dismiss, the Defendants argue that Smith's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and

because the Fayette County Sheriff's Department is not a legally suable entity. (Def. Mot. to Dismiss 5-6, ECF No. 17-1.)

A. Standard of Review for Failure to State a Claim

In assessing whether Smith's complaint states a claim upon relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to

see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly

charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  Smith's Section 1983 Claims

The title of Smith's form complaint indicates that he is suing the Defendants for violating his civil rights under section 1983. To bring an action under 42 U.S.C. § 1983, Smith must allege that he was deprived of a right secured by the Constitution or laws of the United States and that such deprivation was caused by a person acting under color of state law. 42 U.S.C. § 1983; *Fritz v. Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010).

1.  *Smith's Section 1983 Claim for Excessive Force*

Although Smith in his form complaint never identifies a particular constitutional right he claims was violated or uses the words "excessive force", Smith appears to allege that Chief Deputy Wilson used excessive force in arresting Smith when he drew his gun and yelled at Smith. (*See, e.g.*, Fed. Civil Claim ¶¶ 59-71, ECF No. 1-1.) The Fourth Amendment "requires that the officer's use of force be objectively reasonable, balancing the cost to the individual against the government's interests in effecting the seizure." *Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002)(citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "This standard contains a built-in measure of deference to the

7

officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Id.* (citing *Graham*). "Proper application of this standard of reasonableness requires close attention to the facts and circumstances of the particular case . . . ." *Ingram v. City of Columbus*, 185 F.3d 579, 596 (6th Cir. 1999).

Accepting Smith's allegations as true, as it must for the purpose of ruling on a motion to dismiss, the court finds that Smith does not sufficiently state an excessive-force claim. Here, Chief Deputy Wilson never touched or shot at Smith when arresting him, and therefore it cannot be said that his actions were unreasonable. Further, Smith does not allege that he was physically injured when Chief Deputy Wilson arrested him. Smith's claim that Chief Deputy Wilson became angry and spoke harshly to him likewise is not actionable because "words, no matter how offensive, threatening, or insulting, do not rise to the level of a constitutional violation." *Vaughn v. Trauger*, 2015 WL 1275386, at *2 (M.D. Tenn. Oct. 19, 2016)(citing *McFadden v. Lucas*, 713 F.2d 143, 147 (5th Cir. 1983)). Therefore, the court recommends that Smith's excessive-force claim be dismissed for failure to state a claim upon which relief may be granted.

2. *Smith's Section 1983 Claim for False Arrest*

Based on his use of the phrase "false imprisonment," Smith also seems to claim that the Defendants arrested him without

8

probable cause in violation of the Fourth Amendment. (*See* Fed. Civil Claim ¶¶ 59, 78-81, ECF No. 1-1.) "A false arrest claim under federal law requires a plaintiff to establish that the arresting officer lacked probable cause to arrest the plaintiff." *Bach v. Drerup*, 545 F. App'x 474, 476 (6th Cir. 2013). Here, Smith admitted in his complaint that he drove without a license. Therefore, Chief Deputy Wilson had probable cause to arrest him. Smith has no basis for a constitutional claim and as such, the court recommends that Smith's false arrest claim be dismissed.

C. Smith's Claims Against Fayette County

Smith does not specify whether Chief Deputy Wilson and Sheriff Riles are sued in their individual or official capacities, and it is not clear from the allegations in the complaint. Thus, it can be assumed that they are being sued in their official capacities. *See Hawks v. Jones*, 105 F.Supp. 2d 718, 722 (E.D. Mich. 2010)("It is well-settled in this Circuit that, absent a clear indication that Section 1983 defendants are being sued in their individual capacities, courts must assume that they are being sued in their official capacities, only.")(citations omitted). Claims against county officials in their official capacity are tantamount to a suit against the county entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)(citation omitted). Smith's claims against the Fayette

9

County Police Department are also construed as claims against Fayette County.

A governmental entity is liable under section 1983 when "the entity's 'policy or custom' [] played a part in the violation of federal law." *Graham*, 473 U.S. at 199 (quoting *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under ' 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. 312, 326 (1981)(citation omitted)).

In the instant case, Smith has not alleged that the officers acted pursuant to a municipal policy or custom in causing him alleged harm, and nothing in the complaint demonstrates that the officers' actions occurred as a result of a policy or custom implemented or endorsed by Fayette County. Consequently, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable section 1983 claim against Fayette County. It is recommended that any claim under 42 U.S.C. ' 1983 against Fayette County be dismissed for failure to state a claim.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Smith's complaint against the Defendants be dismissed for failure to state a claim upon which relief may be granted.

Respectfully submitted this 8th day of December, 2016.

s/ Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.