IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                          |   |                      |
|--------------------------|---|----------------------|
| TYREE C. SMITH,          | ) |                      |
|    Plaintiff, | ) |                      |
| VS.                      | ) | No. 16-2687-JDT-dkv  |
| BOBBY RILES, ET AL.,     | ) |                      |
|    Defendants. | ) |                      |

ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING MOTION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On August 24, 2016, Plaintiff Tyree C. Smith, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and paid the civil filing fee. (ECF No. 1 & 2.) He sued Bobby Riles, the Sheriff of Fayette County, Tennessee; Chief Deputy Ricky Wilson; and Fayette County.[1] Following service of process, the Defendants filed a motion to dismiss. (ECF No. 17.) On December 8, 2016, Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") in which she recommended the Court dismiss the case for failure to state a claim on which relief may be granted. (ECF No. 21.) Objections to the

---

[1] The Fayette County Sheriff's Department is not a suable entity apart from Fayette County itself.

R&R were due within fourteen days, on or before December 28, 2016. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). However, Plaintiff has filed no objections.[2]

Plaintiff alleges in his complaint that Defendant Riles telephoned him twice and asked that he come to the Sheriff's Department in Somerville to meet with Department investigators in order to discuss a grievance Plaintiff had filed while previously incarcerated at the Fayette County Detention Center ("FCDC"). Plaintiff initially told Riles he could not come to Somerville because his license was suspended, but he eventually did drive himself to the Sheriff's Department. He alleges that Riles deliberately set him up and "lured" him to drive on a suspended license. When Plaintiff got to Somerville, he met with Defendant Wilson at the Sheriff's Department. Plaintiff admittedly lied to Wilson, saying that a friend had driven him from Memphis to Somerville.

During the meeting, Wilson allegedly became very angry and jumped up out of his chair toward Plaintiff. Plaintiff believed Wilson was tempted to physically attack him, and he quickly stood up to prevent Wilson from touching him. Plaintiff felt sure that Wilson had something "devious" up his sleeve against Plaintiff. Wilson then escorted Plaintiff out of his office and out of the building's side entrance. Plaintiff walked around the building to the

---

[2] On November 14, 2016, Plaintiff filed a motion for leave to file a late response to the notice of appearance that was filed by counsel along with the motion to dismiss. (ECF No. 19.) Magistrate Judge Vescovo denied that motion on November 15, 2016 because no response to a notice of appearance is needed. (ECF No. 20.) As counsel's notice of appearance and the motion to dismiss likely were mailed together, Plaintiff's motion for leave to file may have been intended as a request to file a late response to the motion to dismiss. However, Plaintiff did not object to the Magistrate Judge's order denying his motion for late filing, and he has failed to object to the R&R that recommends granting Defendants' motion to dismiss.

main entrance to avoid being seen getting into his vehicle and drove away. Shortly thereafter, he stopped on the shoulder of the road to adjust his "boom box system" in the trunk of the vehicle. Defendant Wilson pulled behind Plaintiff in an unmarked black SUV with no lights or siren, got out of the vehicle and drew his weapon, pointing it at Plaintiff and demanding that he show his hands. Plaintiff alleges that Wilson threatened to kill him if he made any sudden move or tried to run. Plaintiff pleaded with Wilson not to kill him and accused Wilson of acting vindictively and in retaliation for the prior grievance.

Plaintiff alleges that Wilson and Riles are racists and that Riles is the main person responsible for unconstitutional conditions at the FCDC. He requests an independent investigation and money damages.

Magistrate Judge Vescovo determined that Plaintiff has no Fourth Amendment claim under 42 U.S.C. § 1983 based on Defendant Wilson's words or actions. Plaintiff does not allege that Wilson shot him, touched him or caused him any physical harm whatsoever at any time. Therefore, his actions were not objectively unreasonable. Abusive or offensive language and verbal threats are not actionable under § 1983. Furthermore, Plaintiff has no claim for wrongful arrest or imprisonment, as such claims require Plaintiff to demonstrate a lack of probable cause. Here, Plaintiff freely admits that he drove on a suspended license. The fact that Defendant Riles may have asked Plaintiff to come to Somerville is irrelevant, as Plaintiff clearly could have arranged for someone else to drive him to the meeting.

The Magistrate Judge also found that Plaintiff has failed to state a claim against Fayette County, as he does not allege that he was deprived of a constitutional or statutory right as a result of any official County policy or custom.

The Court finds no error in Magistrate Judge Vescovo's conclusions and ADOPTS the R&R. Accordingly, Defendants' motion to dismiss is GRANTED.

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), the Court CERTIFIES that an appeal by Plaintiff would not be taken in good faith and DENIES leave to appeal *in forma pauperis*. Accordingly, if Plaintiff files a notice of appeal, he must also pay the entire $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE